IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEAN BOYD** **PLAINTIFF**

v. No. 4:23CV35-GHD-RP

**MISTY HUGHES** **DEFENDANT**

ORDER DENYING PLAINTIFF'S MOTION [17]
TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motion [17] for reconsideration of the court's July 24, 2023, memorandum opinion and final judgment granting defendants' motion for summary judgment and dismissing the instant case as frivolous under the doctrines of *res judicata* and collateral estoppel. Docs. 13, 14. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

The plaintiff argues in the instant motion that his various cases regarding his stay at the private hospital ("ASH") had different defendants and different claims and, therefore, *res judicata* and collateral estoppel should not apply. He is mistaken, as both come into play when, as here, cases arise out of a single nucleus of operative facts. In all of the related cases, the plaintiff sued various people and entities because of their alleged acts or omissions regarding a single stay at the hospital. In addition, the various people and entities he sued in the various

cases were either the same – or in privity with – people or entities in the other cases. These are the same arguments the plaintiff made in his response to the defendants' motion for summary judgment, and the court rejected them. The court discussed this subject at length in the memorandum opinions in this and Boyd's numerous other related cases and will not repeat the discussion here.

For these reasons, the plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the plaintiff's request [17] to alter or amend judgment is **DENIED.**

**SO ORDERED**, this, the 13th day of November, 2023

/s/ Glen H. Davidson
SENIOR JUDGE